Jonathan A. Stieglitz, Esq.
THE LAW OFFICES OF JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MCKAY CREWS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Experian is a consumer reporting agency that has been wrongly reporting that the Plaintiff is obligated on a medical debt, incurred by Plaintiff's parents at a time when Plaintiff was still a minor and legally incapable of contracting. Experian does this because it does not have adequate policies and procedures in place to ensure that it prevents the reporting of debts incurred while a

COMPLAINT – 1

consumer was still a minor and legally incapable of entering into contracts. In fact, Experian does not take a consumer's date of birth into account at all, when determining whether to report a specific account on a consumer's credit report.

2. Plaintiff, McKay Crews ("Crews" or "Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), alleging that Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") has failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and those individuals who are similarly situated.

3. Plaintiff seeks statutory and punitive damages, for herself and the class members, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. The Defendant resides in this State, with its principal place of business located in Costa Mesa, as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Defendant resides in this district and the Defendant's complained of actions and omissions giving rise to this action occurred in this district.

**COMPLAINT** – 2

## PARTIES

6. Plaintiff is a resident of Bossier City, Louisiana, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

## FACTUAL ALLEGATIONS

9. Experian has been reporting on the Plaintiff's credit report that the Plaintiff owes $392, on a medical debt reported to it by Paramount Recovery Systems.

10. At all times relevant hereto, Experian was aware that the Plaintiff was born in 1999, as it had that information available to it and it reported that information on Plaintiff's credit reports.

COMPLAINT – 3

11. Experian is also aware that this medical debt was incurred prior to the Plaintiff reaching the age of majority, based on the information provided to it by Paramount when it reported the account to Experian.

12. Because the Plaintiff was a minor at the time that this medical debt was incurred, Plaintiff lacked the capacity to contract or be obligated on this debt. *See,* LA Civ Code 1918.

13. However, Experian did not prevent the reporting of this debt on the Plaintiff's credit report.

14. Instead, Experian continues to report this debt – incurred by the Plaintiff's parents while the Plaintiff was still a minor – on the Plaintiff's credit report.

15. Experian fails to have procedures in place to ensure maximum possible accuracy, and a significant portion of the information that it reports is wholly inaccurate.

16. Compounding the inaccuracies in its report, Experian has failed to develop an effective system to allow consumers to remove inaccurate information from individual reports.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings Count I of this action as class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all others similarly situated.

18. The Class (hereinafter, "Class") consists of: All natural persons residing in the State of Louisiana on whom, beginning two years prior to the filing of this Complaint and continuing through the resolution of this action, Experian compiled a credit report containing a balance incurred as a result of medical services provided while that person was a minor.

19. The Class period begins two years prior to the filing of this Action.

20. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because Defendant handles hundreds if not thousands, of consumer reports that list information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Experian.com, Inc.

    b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the defendant violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681e(b).

**COMPLAINT – 5**

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent attorneys to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

h) Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b) AGAINST DEFENDANT
## INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

21. All preceding paragraphs are realleged.

22. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a.

23. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

24. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepared concerning Plaintiff and the class members, it would not be possible for it to report balances for medical services provided to those individuals at a time when they were still a minor and incapable of contracting.

25. Furthermore, were Experian to follow procedures to assure maximum possible accuracy of the credit reports it prepares concerning Plaintiff and the class members, it would have prevented such information from being reported on the credit reports of Plaintiff and the class members.

26. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed. Plaintiff's credit score has been greatly lowered as a result of Defendant's actions, and Plaintiff has been denied credit as a result of this collection on her credit report.

**DEMAND FOR TRIAL BY JURY**

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**COMPLAINT** – 8

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff and Class statutory damages;

C. Awarding Plaintiff and Class punitive damages;

D. Awarding Plaintiff and the Class the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff and Class such other and further relief as this Court may deem just and proper.

Dated: December 21, 2021

                                                Respectfully submitted,

                                                /s/ Jonathan A. Stieglitz
                                                **Jonathan A. Stieglitz, Esq.**
                                                **THE LAW OFFICES OF**

| | |
|---|---|
| 1 | **JONATHAN A. STIEGLITZ** |
| 2 | **11845 W. Olympic Blvd., Suite 800** |
|   | **Los Angeles, California 90064** |
| 3 | **Tel: (323) 979-2063** |
| 4 | **Fax: (323) 488-6748** |
|   | **Email: jonathan.a.stieglitz@gmail.com** |
| 5 | **Attorneys for Plaintiff** |

**COMPLAINT** – 10